IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10 B 00848 |
| Betty Bady ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ADV. NO. 10 AP 01498 |
| Chase ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

*Findings of Fact*

**A.    The Parties**

1.    The Plaintiff is Betty Bady ("Plaintiff").

2.    The Defendant is Chase ("Defendant").

**B.    Factual Background**

1.    On or about January 11, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 1330 N. Central Avenue, Chicago, IL 60651.

3.    That Chase holds a first mortgage lien on the real property commonly known as 1330 N. Central Avenue, Chicago, IL 60651, with a secured claim of $138,761.00 pursuant to Plaintiff's Schedule D.

4. The Defendant holds a second mortgage lien on the real property known as 1330 N. Central Avenue, Chicago, IL 60651 in the approximate amount of $54,252.94 pursuant to Plaintiff's recent mortgage statement from Chase.

5. That the Plaintiff obtained an appraisal of the property on January 11, 2010 indicating the value of 1330 N. Central Avenue, Chicago, IL 60651 as $130,000.00.

6. The first mortgage lien of Chase is a secured claim based on the mortgage recorded on November 4, 2004 as document number 0430917047 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Chase is a secured claim based on the mortgage recorded on January 30, 2006 as document number 0603017008 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $537.00 per month for 36 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On July 19, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 1330 N. Central Avenue, Chicago, IL 60651.

11. That on July 19, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 270 Park Ave., New York, NY 10017, and P.O. Box 9001020, Louisville, KY 40290, and upon the registered agent, C T Corporation System, at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604;

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $130,000.00.

15. The first secured claim of Chase in the amount of $138,761.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Chase in the amount of $138,761.00, and the second secured claim of Chase in the amount of $54,903.00.

5. That value of Plaintiff's residence is $130,000.00.

6. As there is no value or equity to support the second priority lien of Chase the claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral

under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Enter:

Dated: 10/7/10

_____
United States Bankruptcy Judge

OCT 07 2010

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625